**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00255-MOC
(CRIMINAL CASE NO. 3:19-cr-00007-MOC-DCK-1)**

| | |
|---|---|
| ELIJAH STEVARUS HALLMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.     BACKGROUND

On January 15, 2019, Petitioner Elijah Stevarus Hallman ("Petitioner") was charged in a Criminal Complaint with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); two counts of Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Counts Two and Four); and two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Three and Five). [CR Doc. 18: Bill of Indictment]. The § 924(c) charges in Counts Three and Five were predicated on the Hobbs Act robbery offenses charged in Counts Two and Four, respectively. [Id. at 3-4].

On April 15, 2019, Petitioner proceeded to trial on these charges. The jury found Petitioner

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00255-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:19-cr-00007-MOC-DCK-1.

guilty on all counts. [CR Doc. 34: Jury Verdict]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 40]. The probation officer recommended a Total Offense Level (TOL) of 22 on Counts One, Two, and Four and mandatory consecutive sentences of 84 months on each of Counts Three and Five.[2] [Id. at ¶¶ 32-34; see id. at ¶ 66]. Based on a criminal history category of IV and a TOL of 22, the probation officer recommended a guidelines term of imprisonment of 63 to 78 months for Counts One, Two, and Four and noted that the guidelines sentence for Counts Three and Five was the minimum term required by statute. [Id. at ¶¶ 44, 69].

In keeping with the PSR, the Court sentenced Petitioner to a term of imprisonment of 63 months on each of Counts One, Two, and Four, to be served concurrently; and two consecutive sentences of 84 months on each of Counts Three and Five, to be served consecutively to the sentence imposed on Counts One, Two, and Four and the sentence on Count Five to be served consecutively to the term imposed on Count Three, for a total term of imprisonment of 231 months. [CR Doc. 43 at 2: Judgment]. Judgment on Petitioner's convictions was entered on January 24, 2020. [Id.]. Petitioner timely appealed his conviction and sentence. [CR Doc. 45: Notice of Appeal]. Petitioner argued that the District Court erred when it denied Petitioner's Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Hallman, 829 Fed. App'x 638, 639 (4th Cir. 2020). The Fourth Circuit affirmed. Id. at 640.

On May 27, 2021, Petitioner timely filed the pending motion to vacate sentence under 28 U.S.C. § 2255, arguing that his convictions under 18 U.S.C. § 924(c) are invalid because, "[o]n April 29, 2021, the courts ruled in United States vs. Green (NO. 19-4703) (4th Cir. April 29, 2021)

---

[2] Petitioner's criminal history did not warrant a career offender enhancement under §4B1.1 of the United States Sentencing Guidelines. [See Doc. 40 at ¶ 30]. A defendant who commits a qualifying crime of violence and has two prior felony convictions for crimes of violence or controlled substance offenses is subject to an enhanced sentence under U.S.S.G. §4B1.1(a).

affirming that Hobbs Act is NOT a crime of violence." [CV Doc. 1 at 2]. Petitioner asks that his convictions under § 924(c) be vacated "due to the 'underlined crime' HOBBS ACT 1951 not being a crime of violence" and that the matter be "remanded for further proceedings." [Id. at 2, 7].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). Here, Petitioner argues his convictions under § 924(c) should be vacated because, under the Fourth Circuit's recent decision in Green, 996 F.3d 176 (4th Cir. 2021), Hobbs Act robbery is no longer a crime of violence that can serve as a § 924(c) predicate. [See CV Doc. 1 at 2].

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Id. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §

3

924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). In United States v. Davis, 139 S.Ct. 2319 (2019), the Supreme Court held the residual clause of § 924(c)'s definition of "crime of violence" is also "unconstitutionally vague." 139 S.Ct. at 2336. Accordingly, for Petitioner's § 924(c) convictions to be valid here, Hobbs Act robbery must be a "crime of violence" under § 924(c)'s force clause. Since Davis, the Fourth Circuit has squarely held that it is. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).").

Recently, in Green, the Fourth Circuit addressed whether Hobbs Act robbery is a "crime of violence" under the Sentencing Guidelines career offender provision. 996 F.3d 176. The Court concluded that, because "Hobbs Act robbery extends to a broader range of conduct – specifically, the use and threat of force against property, as well as persons – than § 4B1.2(a)(1)'s force clause or the offenses of robbery and extortion enumerated in § 4B1.2(a)(2)," it "is not a crime of violence under the career offender provision of the Sentencing Guidelines." Id. at 184. Petitioner argues that his convictions under § 924(c) should be vacated under Green. Petitioner misunderstands

4

Green.  Petitioner was not sentenced as a career offender.  And Green does not undermine Mathis' holding that Hobbs Act robbery is a crime of violence for § 924(c) purposes.  Petitioner's § 924(c) convictions, therefore, remain valid.

## IV. CONCLUSION

Having concluded that Petitioner's convictions under § 924(c) are valid, the Court will deny and dismiss Petitioner's motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 18, 2021



Max O. Cogburn Jr.
United States District Judge

5